UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAVIN STINSON,

    Defendant
_____/

Case No. 15-cr-20242
Hon. Matthew F. Leitman

### ORDER DENYING MOTION FOR JUDICIAL RECOMMENDATION (ECF No. 66)

On December 1, 2021, Defendant Kavin Stinson requested this Court's recommendation, under 18 U.S.C. § 3621(b), that Stinson serve the final twelve months of his sentence in a residential reentry center and/or home confinement. (*See* Mot., ECF No. 66.) The Government opposed. (*See* Resp., ECF No. 68.) After reviewing both parties' arguments, the Court declines to offer its recommendation.

The Second Chance Act, Pub. L. No. 110-199, § 251(a), 122 Stat. 657 (2008), amended 18 U.S.C. § 3624(c) to provide that the Bureau of Prisons shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed twelve months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3642(c)(1). An inmate's placement at

any particular facility is solely within the authority of the Bureau of Prisons. *See* 18 U.S.C. § 3621(b). "The decision to place an inmate in a pre-release community confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *United States v. George*, 2018 WL 2148179, at *2 (E.D. Mich. May 10, 2018); *see also* 18 U.S.C. § 3624(c). These factors are as follows:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence—
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). The statute further provides that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *Id.*

Under the circumstances of this case, the Court is not inclined to make a recommendation regarding Stinson's placement. The Court notes that, in its opposition, the Government raised serious concerns as to whether Stinson is an appropriate candidate for such a recommendation. (*See id.*, PageID.297–299.) In light of these concerns, the Court concludes that the Bureau of Prisons is in the best position to determine whether placement in a residential reentry center or home confinement is appropriate for Stinson. *See United States v. Franklin*, 2019 WL 4942033, at *1 (E.D. Mich. Oct. 8, 2019) (deferring to Bureau of Prisons regarding placement in residential reentry center or home confinement); *see also George*, 2018 WL 2148179 at *3 ("The BOP has the most complete and accurate information regarding the five factors to make an individual determination regarding Defendant's placement."). Accordingly, the Court does not see it fit to weigh in, either for or against, any particular placement.

For the foregoing reasons, the Court **DENIES** Stinson's Motion for Judicial Recommendation to the Federal Bureau of Prisons for 12 Months RRC Placement – Six Months Halfway House and Six Months Home Confinement (ECF No. 66).

**IT IS SO ORDERED**.

Dated: March 23, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

3

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 23, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126
